**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| ANETTE R.J. PHILLIPS and SHERROD PHILLIPS,<br><br>                Plaintiffs,<br>v.<br><br>FIRSTBANK PUERTO RICO,<br><br>                Defendant. | Civ. No. 13-105<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

       This matter comes before the Court on a Motion for Judgment on the Pleadings by Defendant Firstbank Puerto Rico ("Defendant"). (ECF No. 25). Plaintiffs Anette R.J. Phillips and Sherrod Phillips ("Plaintiffs") oppose the motion. (ECF No. 32). The Court has decided the motion based upon the written submissions and a hearing held on Monday May 2, 2017. For the following reasons, Defendant's Motion for Judgment on the Pleadings will be granted in part.

## BACKGROUND

       Plaintiffs make the following allegations in the Complaint. Plaintiffs are citizens and residents of the Virgin Islands and Defendant is a corporation that maintains its principal place of business in, and is a citizen of, Puerto Rico. (Compl. ¶ 3, ECF No. 1). Plaintiff Anette R.J. Phillips and Sherrod Phillips are a married couple. (*Id.* ¶ 1). On September 8, 1994, Plaintiff Anette R.J. Phillips and a non-party, Angelita Jennings, applied for a mortgage to construct a dwelling at 110-1 Estate Friedenhoj, No. 3 Red Hook Quarter, St. Thomas, Virgin Islands

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

("Subject Property"). (*Id.* ¶ 4). Anette R.J. Phillips made payments on this mortgage loan from 1994–2009. (*Id.* ¶ 6). Sometime in 2008, Anette R.J. Phillips received notification that the mortgage loan had been paid off. (*Id.* ¶ 7). At some point, and without Plaintiff Anette R.J. Phillips' knowledge, Angelita Jennings refinanced the mortgage on the Subject Property, executed a promissory note in favor of Defendant, and removed Plaintiff Anette R.J. Phillips' name from the Subject Property. (*Id.* ¶ 8–11). Annette R.J. Phillips' name and signature appeared on the refinancing documents, but those items "were not hers and must have been forged." (*Id.* ¶ 10). Anette R.J. Phillips never received notice that the mortgage was being re-financed, that her name would be removed from the financing documents, or that she would lose all interest in the Subject Property. (*Id.* ¶ 12). On or about 2009, Angelita Jennings initiated a court proceeding to evict Plaintiffs from the property. (*Id.* ¶ 11). In total, Plaintiffs were subjected to two evictions from the Subject Property due to Defendant's actions. (*Id.* ¶ 13). As a result of Defendant's actions and/or omissions, Defendant is liable for: 1) breach of contract; 2) fraud; 3) negligence; 4) breach of the implied covenant of good faith and fair dealing; and 5) unjust enrichment. (*Id.* ¶ 20).

The Complaint was filed on November 9, 2013. (ECF No. 1). Defendant answered the Complaint on April 28, 2014. (ECF No. 21). On June 11, 2014, Defendant filed the motion for judgment on the pleadings that is presently before the Court. (ECF No. 25). The case was transferred to Judge Anne E. Thompson on April 4, 2017. (ECF No. 35).

## **LEGAL STANDARD**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the

2

pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). Rule 12(c) motions are reviewed under the same standard that applies to motions to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted). Accordingly, in deciding a motion for judgment on the pleadings, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

The motion will be granted if the plaintiff has not articulated enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

A defendant may raise the statute of limitations as a defense by way of a motion for judgment on the pleadings under Rule 12(c), if the statute's application is apparent on the face of the complaint. *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994); *Voicheck v. Ford Motor Co.*, 2013 WL 1844273, at *4 (E.D. Pa. May 2, 2013) (granting motion for judgment on the pleadings on statute of limitations grounds).

**DISCUSSION**

**I.     Plaintiffs' Tort Claims and the Statute of Limitations**

First, Defendant argues that Plaintiffs' tort claims are barred by the statute of limitations. Under Virgin Islands law, tort claims are governed by a two-year statute of limitations. 5 V.I.C. § 31(5)(A). Normally, under Virgin Islands law, the "statute of limitations begins to run upon the occurrence of the essential facts which constitute the cause of action." *Simmons v. Ocean*, 544 F. Supp. 841, 843 (D.V.I. 1982). However, "the law of the Virgin Islands has in certain circumstances incorporated the [d]iscovery [r]ule to delay the running of a statute of limitations" where the injury or its cause is not readily apparent to the plaintiffs at the time the injury occurs. *In re Tutu Wells Contamination Litig.*, 909 F. Supp. 980, 984 (D.V.I. 1995). "Under the rule, the statute of limitations will start to run at the time two conditions are satisfied: (1) when the plaintiff knew or should have known that he had suffered a harm and (2) when the plaintiff knew or should have known the cause of his injury. *Tutu Wells*, 909 F. Supp. at 985. These two conditions are judged using an objective, reasonable person standard. *Id.*

"Under the discovery rule, the focus is not on the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff." *Santiago v. Virgin Islands Hous. Auth.*, 2012 WL 3191360, at *7 (V.I. July 31, 2012) (internal citations and quotations omitted). "To demonstrate reasonable diligence, a plaintiff must establish that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Id.* (internal citations and quotations omitted).

In this case, Plaintiffs' Complaint alleges that Anette R.J. Phillips received a notification in 2008 that the mortgage loan on the Subject Property had been "paid off." (Compl. ¶ 7). The Complaint also alleges that, by 2009, Anette R.J. Phillips learned that her name was removed

4

from the property without her knowledge, and that on or about 2009, Angelita Jennings initiated a court proceeding to evict Plaintiffs from the property. (*Id.* ¶ 11). Even assuming that the discovery rule applies, it is readily apparent from the face of the Complaint that Plaintiffs either knew or should have known through the exercise of reasonable diligence about their claims, at the latest, by the end of 2009.[2] Plaintiffs filed the Complaint almost four years later, on November 9, 2013. Therefore, Plaintiffs' tort claims are barred by the statute of limitations. Plaintiffs' Complaint does not include count numbers to identify the individual counts that they are asserting. However, the Court interprets Plaintiffs' Complaint to include tort claims for: 1) fraud; and 2) negligence.[3] These claims are time-barred and dismissed.

## II. Plaintiffs' Contract Claims and Statute of Limitations

Second, Defendant argues that Plaintiffs' contract claims are barred by the statute of limitations. Under Virgin Islands law, contract claims are governed by a six year statute of limitations. 5 V.I.C. § 31(3)(A). In contrast to Plaintiffs' tort claims just discussed, the Court is not persuaded that it is apparent from the face of the Complaint that Plaintiffs' contract claims are barred by the relevant six year statute of limitations. Therefore, Defendant cannot succeed on this argument at this time, and Defendant's motion on that basis is denied without prejudice.

---

[2] Plaintiffs argue that that they were required to exhaust an administrative process, and that only upon notification from the Lieutenant Governor's Office, received in October 2012, did the statute of limitations begin to run. However, Plaintiffs do not cite any authority to support that statement.

[3] Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is based in contract, not tort law. *Abney v. Univ. of the Virgin Islands*, at *7 (D.V.I. May 3, 2016) ("Courts in the Virgin Islands have found that '[w]here a duty of good faith arises, it arises under the law of contracts.'") (citing cases). Additionally, Plaintiffs' claim for unjust enrichment is not based in tort law. *Vanterpool v. Gov't of Virgin Islands*, 2015 WL 4723651, at *12 n. 16 (V.I. Aug. 10, 2015) (noting that the terms "quantum meruit" and "unjust enrichment" refer to the same cause of action); *id.*, *13 ("A cause of action for quantum meruit is one that sounds in contract.") (citation omitted).

**III.   Failure to State a Claim**

Third, Defendant argues that Plaintiffs have failed to state a claim against Defendant. The Court first considers Plaintiffs' claims for breach of contract and breach of implied covenant claims. In the Virgin Islands, a claim for breach of contract has four elements: "(1) an agreement, (2) a duty created by that agreement, (3) a breach of that duty, and (4) damages." *Bank of Nova Scotia v. Ross*, 2012 WL 4854776, at *4 (D.V.I. Oct. 12, 2012). Additionally, "[T]o state a claim for breach of the implied duties of good faith and fair dealing, a party must allege: (1) that a contract existed between the parties, and (2) that, in the performance or enforcement of the contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties." *LPP Mortg. Ltd. v. Prosper*, 2008 WL 5272723, at *2 (D.V.I. Dec. 17, 2008) (citations omitted).

Viewing the facts in the light most favorable to the Plaintiffs, it appears that Plaintiff Anette R.J. Phillips may have a claim for breach of contract and breach of the implied covenant of good faith and fair dealing against Defendant. However, Plaintiffs have not alleged, and it does not appear that a contract ever existed, between Plaintiff Sherrod Phillips and Defendant. Therefore, Plaintiff Sherrod Phillips does not have a plausible claim for breach of contract or breach of the implied covenant of good faith and fair dealing against Defendant. These claims brought by Plaintiff Sherrod Phillips are dismissed.

Next, the Court considers Plaintiffs' claims for unjust enrichment. "Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties 'but fairness dictates that the plaintiff receive compensation for services provided.'" *Cacciamani and Rover Corp. v. Banco Popular De Puerto Rico*, 2014 WL 4262098, at *2 (V.I. Aug. 29, 2014). In order to prove unjust enrichment, a plaintiff must show:

"(1) that the defendant was enriched; (2) that such enrichment was at the plaintiff's expense; (3) that the defendant had appreciation or knowledge of the benefit; and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff." *Walters v. Walters*, 2014 WL 1681319, at *5 (V.I. 2014). Unjust enrichment is an equitable remedy and therefore cannot be asserted when a valid contract concerning the same subject matter in dispute exists between the parties. *Cacciamani and Rover Corp*, 2014 WL 4262098, at *2. This rule is known as the "barred by contract rule." *Id.*

The parties have not briefed how the "barred by contract rule" might apply to this case, and at this time the Court cannot determine how any relevant contract in this case could affect Plaintiffs' claims for unjust enrichment. Viewing the facts in the light most favorable to the Plaintiffs, the Court is not persuaded that this claim warrants dismissal at this time.

**IV.  Rule 19 - Joinder of Non-Diverse Indispensable Party**

Lastly, Defendant argues that Plaintiffs have failed to join a non-diverse indispensable party. "Federal Rules of Civil Procedure 12(c), 12(h)(2)(B), and 12(b)(7) allow a party to move for judgment on the pleadings to dismiss a case for failure to join necessary and indispensable parties." *Margulis v. Hertz Corp.*, 2015 WL 1969374, at *2 (D.N.J. Apr. 30, 2015). Federal Rule of Civil Procedure 19 requires certain parties to be joined in a civil action where feasible. *See* Fed. R. Civ. P. 19. Rule 19 requires courts to conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a party. *See* Fed. R. Civ. P. 19(a), 19(b); *Bank of Am., NA v. Prosser*, 2015 WL 1593747, at *2 (D.V.I. Apr. 6, 2015). First, the court must determine whether an absent party is necessary under Rule 19(a). "If an absent party is necessary and required to be joined in the action, Rule 19(a)(2) directs the court to order that the absent person be made a party. However, if a party is necessary, but joinder of that party is not feasible (for example because it would destroy complete diversity), then the court proceeds to the

second step to determine whether the absent party is indispensable according to the factors in Rule 19(b)." *Bank of Am., NA*, 2015 WL 1593747, at *2 (citations omitted).

In this case, Defendant argues that non-party Angelita Jennings, who refinanced the mortgage on the Subject Property and is currently the sole mortgagor of the Subject Property (Def.'s Br., Ex. D, ECF No. 26), is a non-diverse, indispensable party and that the case must be dismissed. However, at this stage, it is unclear to the Court exactly how Angelita Jennings relates to Plaintiffs' remaining claims. As a result, the Court is not persuaded that it can appropriately determine whether Angelita Jennings is indispensable to this action. Therefore, to the extent that Defendant argues that the case must be dismissed pursuant to Rule 19, Defendant's motion is denied without prejudice to its being re-filed after completion of discovery. *See* 7 Wright, Miller & Kane, Fed. Prac. & Proc. § 1609 (3d ed.) ("A Rule 12(b)(7) motion usually will be decided at the time it is made, but if the joinder question is bound up with the merits of the case, the court may defer its resolution until after appropriate discovery can be completed, a pretrial conference is held, or until the trial itself.")

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings will be granted in part and denied in part. An appropriate order will follow.

                                        */s/ Anne E. Thompson*
                                      ANNE E. THOMPSON, U.S.D.J.

Date: 6/2/17