NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

ANNETTE R.J. PHILLIPS and SHERROD PHILLIPS,

        Plaintiffs,

v.

FIRSTBANK PUERTO RICO,

        Defendant.

Civ. No. 13-105

**MEMORANDUM ORDER**

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon Plaintiff's Motion for Reconsideration, filed on December 13, 2017. (ECF No. 90.) Plaintiff moves for reconsideration of the Court's June 2, 2017 Memorandum Opinion and Order (ECF Nos. 47, 48), which granted in part and denied in part Defendant's Motion for Judgment on the Pleadings, *see* Fed. R. Civ. P. 12(c).

Under Local Civil Rule 7.3, a motion for reconsideration must be filed within fourteen (14) days after the entry of the order or decision the party is asking the court to reconsider, unless extended by the court for good cause shown. Plaintiff's untimely Motion was filed more than six months after the entry of the Memorandum Opinion and Order, and Plaintiff has not shown good cause for this long delay in moving for reconsideration.[2]

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

[2] This was untimely under Rule 7.3 even before the continuance and extensions granted after Hurricanes Irma and Maria. (*See* ECF No. 83.)

1

Although styled as a motion for reconsideration, Plaintiff's legal argument arises under the residuary clause of Federal Rule of Civil Procedure 60(b)[3]—a motion for relief from a judgment based on "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). (Pl.'s Mot. Recons. at 1, ECF No. 90.) Under Rule 60, a motion must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and the "movant must show extraordinary and special circumstances justifying relief under Rule 60(b)(6)." *Lucan Corp.*, 2008 WL 901492, at *2 (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)); *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1345–47 (3d Cir. 1987).

The present case does not present the requisite extraordinary circumstances. Plaintiff claims that this Court made an improper factual determination in dismissing Plaintiff's tort claims on statute of limitations grounds. In particular, Plaintiff objects to the Court's finding that the latest date at which then-Plaintiffs knew or should have known through the exercise of reasonable diligence that they were injured by Defendant's alleged conduct was the end of 2009. (Pl.'s Mot. Recons. at 2; *see* Mem. Op. at 4–5, ECF No. 47 (finding imputed knowledge based on the Complaint's allegations that Annette Phillips was told in 2008 that the mortgage had been paid off and that in 2009 Angelita Jennings initiated a court proceeding to evict Plaintiffs).) Under case law cited in Plaintiff's own Motion, "[k]nowledge may . . . be imputed to plaintiffs when an adverse action is taken against them, be it through a court order or through a third party action, thus initiating the running of the statute of limitations at that time." *Knopick v. Connelly*, 639 F.3d 600, 609 (3d Cir. 2011). Plaintiff offers her own deposition testimony and affidavit to affirm that she lacked actual knowledge of the injury until 2012. (Pl.'s Mot. Recons. at 3–4.)

---

[3] "[T]he function of the motion, not the caption, dictates which rule applies." *Lucan Corp. v. Robert L. Merwin & Co.*, 2008 WL 901492, at *2 (V.I. Jan. 7, 2008) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

2

This "new evidence" is unconvincing. First, Plaintiff relies on her own sworn statements to prove this fact, and thus could have alleged such in her original Complaint. Second, since the legal standard for the discovery rule is not actual knowledge but whether a party knew or should have known of their injury through the exercise of reasonable diligence, Plaintiff's efforts to clarify the date of her actual knowledge are immaterial. Accordingly, the Court's prior Memorandum Opinion and Order do not merit reconsideration or relief from judgment.

IT IS, on this 19th day of December, 2017,

ORDERED that Plaintiff's Motion for Reconsideration (ECF No. 90) is DENIED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.